UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

OSCAR BASURTO, *individually and on behalf of others
similarly situated,*

15 Civ. 09704

                      Plaintiff,

**ANSWER AND
DEFENSES with
COUNTERCLAIM**

    v.

FRIEND OF A FARMER CORP. (d/b/a FRIEND
OF A FARMER, CARRIE MORABITO, AND TERRY
MORABITO

                      Defendants.

-----------------------------------------------------------------------X

        Defendants, FRIEND OF A FARMER CORP. (d/b/A FRIEND OF A FARMER), CARRIE MORABITO, AND TERRY MORABITO ("Defendants"), by and through their undersigned counsel, file this Answer and Defenses to the Complaint (the "Complaint") filed by Plaintiff OSCAR BASURTO ("Plaintiff").  Defendants hereby answer the Complaint as follows:

### NATURE OF THE ACTION

1. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 1 of the complaint concerning Plaintiff.

2. Admit the allegations set forth in paragraph 2 of the Complaint to the extent that such is not a legal conclusion to which no response is required.

3. Admit the allegations set forth in paragraph 3 of the Complaint to the extent that such is not a legal conclusion to which no response is required.

4. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 4 of the complaint concerning Plaintiff.

5. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 5 of the complaint concerning Plaintiff.

6.  State that the allegations set forth in paragraph 6 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

7.  State that the allegations set forth in paragraph 7 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

8.  State that the allegations set forth in paragraph 8 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

9.  State that the allegations set forth in paragraph 9 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

10. Deny the allegations in paragraph 10 of the complaint, except to the extent that such is a legal conclusion, to which no response is required, and further state that there are no members of the FLSA Collective or Class members.

11. Deny the allegations in paragraph 11 of the complaint, except to the extent that such is a legal conclusion, to which no response is required, and further state that there are no members of the FLSA Collective or Class members.

**JURISDICTION AND VENUE**

12. State that the allegations set forth in paragraph 12 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

13. State that the allegations set forth in paragraph 13 of the Complaint constitute

legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

## PARTIES

*Plaintiff*

14. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 14 of the complaint concerning Plaintiff.

15. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 15 of the complaint concerning Plaintiff.

16. State that the allegations set forth in paragraph 16 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

*Defendants*

17. State that the allegations set forth in paragraph 17 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

18. Admit the allegations set forth in paragraph 18 of the Complaint to the extent that such is not a legal conclusion to which no response is required.

19. State that the allegations set forth in paragraph 19 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

20. State that the allegations set forth in paragraph 20 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

## FACTUAL ALLEGATIONS

21. State that the allegations set forth in paragraph 21 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

22. State that the allegations set forth in paragraph 22 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

23. State that the allegations set forth in paragraph 23 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

24. State that the allegations set forth in paragraph 24 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

25. State that the allegations set forth in paragraph 25 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

26. State that the allegations set forth in paragraph 26 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

27. State that the allegations set forth in paragraph 27 and subsections (a)-(h) of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

28. State that the allegations set forth in paragraph 28 of the Complaint constitute

legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

29. State that the allegations set forth in paragraph 29 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

30. Deny sufficient information and belief as to the allegations set forth in Paragraph 30 of the Complaint.

31. State that the allegations set forth in paragraph 31 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

*Individual Plaintiff*

32. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 32 of the complaint concerning Plaintiff.

33. State that the allegations set forth in paragraph 33 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

*Plaintiff Oscar Basurto*

34. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 34 of the complaint concerning Plaintiff.

35. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 35 of the complaint concerning Plaintiff.

36. State that the allegations set forth in paragraph 36 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is

required, Defendants deny the allegations.

37. State that the allegations set forth in paragraph 37 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

38. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 38 of the complaint concerning Plaintiff.

39. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 39 of the complaint concerning Plaintiff.

40. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 40 of the complaint concerning Plaintiff.

41. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 41 of the complaint concerning Plaintiff.

42. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 42 of the complaint concerning Plaintiff.

43. State that the allegations set forth in paragraph 43 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

44. State that the allegations set forth in paragraph 44 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

45. State that the allegations set forth in paragraph 45 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

46. State that the allegations set forth in paragraph 46 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

47. State that the allegations set forth in paragraph 47 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

48. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 48 of the complaint concerning Plaintiff.

*Defendants' General Employment Practices*

49. State that the allegations set forth in paragraph 49 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

50. State that the allegations set forth in paragraph 50 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

51. State that the allegations set forth in paragraph 51 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

52. State that the allegations set forth in paragraph 52 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

## FLSA COLLECTIVE ACTION ALLEGATIONS

53. Deny the allegations in paragraph 53 of the complaint, except to the extent that

such is a legal conclusion, to which no response is required, and further state that there are no members of the FLSA Collective or Class members.

54. State that the allegations set forth in paragraph 54 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

55. State that the allegations set forth in paragraph 55 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

56. Deny information and belief as to the truth of the assertions made herein.

57. State that the allegations set forth in paragraph 57 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

58. State that the allegations set forth in paragraph 58 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

59. State that the allegations set forth in paragraph 59 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

60. State that the allegations set forth in paragraph 60 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

61. State that the allegations set forth in paragraph 61 of the Complaint constitute

legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

62. State that the allegations set forth in paragraph 62 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)**

63. Deny information and belief as to the truth of the assertions made herein.

64. State that the allegations set forth in paragraph 64 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

65. State that the allegations set forth in paragraph 65 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations. Specifically, Defendants deny that they violated any law.

66. State that the allegations set forth in paragraph 66 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)**

67. Deny information and belief as to the truth of the assertions made herein.

68. State that the allegations set forth in paragraph 68 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is

required, Defendants deny the allegations.

69. State that the allegations set forth in paragraph 69 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

70. Deny information and belief as to the truth of the assertions made herein.

71. State that the allegations set forth in paragraph 71 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

72. State that the allegations set forth in paragraph 72 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

## FIFTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

73. Deny information and belief as to the truth of the assertions made herein.

74. State that the allegations set forth in paragraph 74 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

75. State that the allegations set forth in paragraph 75 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

## PRAYER FOR RELIEF

Defendants deny all the allegations and ascertains contained in Plaintiff's Prayer

for Relief and deny that Plaintiff is entitled to any relief of any kind whatsoever, including any of the relief sought in Paragraphs (A) – (O) of the Prayer for Relief.

### GENERAL DENIAL

Defendants deny each and every allegation contained in the Complaint that is not specifically admitted herein.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants, at all times, acted in good faith to comply with the FLSA and the New York State Labor Law, and with reasonable grounds to believe that their actions did not violate the statutes cited in the Complaint, with respect to the Plaintiff and all other persons. Defendants assert a lack of willfulness or intent to violate the FLSA or the New York State Labor Law as a defense to any claim by Plaintiffs for liquidated damages.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. § 207, or the New York State Labor Law.

### FOURTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

## FIFTH DEFENSE

Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the Fair Labor Standards Act and the New York State Labor Law.

## SIXTH DEFENSE

In addition to the foregoing defenses, Defendants reserve the right to amend their Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff or any putative class member who joins this action as those claims become known during this litigation.

## SEVENTH DEFENSE

If Plaintiff succeeds in establishing any violation under the FLSA or the New York State Labor Law, and to the extent any sums are found due and owing to Plaintiff, which is expressly denied, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff over and above their wages.   Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the Fair Labor Standards Act and the New York State Labor Law.

## EIGHTH DEFENSE

Plaintiff was paid an amount and upon information and belief consented and

released defendants from any and all such claims and have waived the right to make such claims before this Court.

### NINTH DEFENSE

Plaintiff has unclean hands and as such is not entitled to any such relief in this action.

### TENTH DEFENSE

Defendant has not engaged in any intentional acts intended to damage plaintiff in so far as any claims are found valid, which defendant disputes.

### ELEVENTH DEFENSE

No exemplary damages, punitive damages or otherwise are applicable nor warranted in this action.

### TWELVETH  DEFENSE

To the extent that it is a prevailing party as to any claim in the Complaint, Defendant reserves the right to seek all permissible relief authorized under any law, ordinance, statute or the like.

### THIRTEENTH DEFENSE

Defendants are not joint employers and furthermore Defendants do not operate a joint enterprise, therefore the liability of any of the Defendant(s) does not impose liability on all of the Defendants.

### FOURTEENTH  DEFENSE

In addition to the foregoing defenses, Defendants reserve the right to amend their Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff or any putative class member who joins this action as those claims become known during this litigation.

### COUNTERCLAIM

Plaintiff and his counsel knowingly have filed false statements in the Verified Complaint and have refused to withdraw or amend such statements, despite safeharbor being granted to do so. As a result of these frivolous claims being asserted, Defendants have had to expend time and money on attorney's fees and other costs to defend the frivolous claims. Plaintiff is making this Complaint solely as retribution to harass, annoy and cost defendants time and money. Defendants should be entitled to reasonable legal fees on all frivolous claims asserted herein.

WHEREFORE, Defendants request judgment against the Plaintiff with respect to the claims asserted herein, dismissing the Complaint in this action, and entering judgment in favor of Defendants, together with costs and disbursements of the above-entitled action and any other relief this Court may deem just and proper.

Dated: January 18, 2016
         New York, New York

By: Kevin Sean O'Donoghue
       Helbraun, Levey & O'Donoghue, LLP
       110 William Street, Suite 1410
       New York, New York 10038
       Telephone  (212) 219-1193
       Facsimile   (212) 226-7554
       kevin@helbraunlevey.com

       *Attorneys for Defendants*

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
OSCAR BASURTO, *individually and on behalf of others*                 15 Civ. 09704
*similarly situated,*

                     Plaintiff,

    v.

FRIEND OF A FARMER CORP. (d/b/a FRIEND
OF A FARMER, CARRIE MORABITO, AND TERRY
MORABITO

                     Defendants.

----------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

      I hereby certify that on January 18, 2016, I served the foregoing Answer and

Defenses to Plaintiff's Class Action Complaint on the following by filing it electronically

with the Clerk of the above-captioned Court using its CM/ECF systems, upon:


      I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

      Executed this 18th day of January, 2016 in New York, New York.


                     By: Kevin O'Donoghue